**Richard PILGER, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**Nos. C9–82–289, C0–82–1234.**

Supreme Court of Minnesota.

Sept. 2, 1983.

Richard Pilger, pro se, Minnesota Correction Facility.

C. Paul Jones, State Public Defender, Mary E. Steenson, Asst. Public Defender, Minneapolis, amicus curiae.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Wayne H. Swanson, County Atty., Crookston, for respondent.

SCOTT, Justice.

Defendant was found guilty by a district court jury of assault in the second degree, Minn.Stat. § 609.222 (1982) (assault with a dangerous weapon). This appeal is both from the judgment of conviction and the order denying postconviction relief. Issues raised on appeal are (1) the sufficiency of the evidence, (2) the adequacy of defendant's representation, and (3) the correctness of defendant's sentence. We affirm.

1. The first issue is the sufficiency of the evidence. There is no merit to this issue. The state's evidence indicated that during a late-night highway confrontation between a car in which defendant was a passenger and another car, defendant aimed a handgun at the people in the other car and attempted to fire it. There was also evidence that a short time later defendant either shot the gun at the other car or participated with an accomplice in the shooting of the gun.

2. Defendant's second contention is that his trial counsel did not represent him effectively in three respects: (a) he refused to let defendant and his wife testify, (b) he failed to impeach the state's witnesses with prior inconsistent statements, and (c) he failed to present evidence that defendant had been hospitalized a short time before the incident and would have had a difficult time physically reaching out the window and aiming or firing a gun.

(a) If defendant had proved at the postconviction hearing that his trial counsel refused to let him testify, then defendant would be automatically entitled to a new trial. *State v. Rosillo,* 281 N.W.2d 877, 879 (Minn.1979) (dicta). However, the evidence was conflicting on this and the postconviction court justifiably believed the trial counsel's testimony, not that of defendant and his wife. In short, the postconviction court found that the trial counsel had merely advised defendant not to testify, leaving the issue of the wife's testimony up to defendant and her. This advice certainly could not be said to be defective, given counsel's justifiable belief that if defendant testified, his credibility would be impeached by his prior convictions.

(b) There is no merit to the claim that defendant's trial counsel did not adequately cross-examine the state's witnesses. Contrary to what defendant argues, trial counsel did use the statements of the witnesses in his cross-examination of them.

(c) Defendant did not establish at the postconviction hearing that at the time of the incident he was physically unable to aim the gun or that his counsel was aware of this inability. Therefore, there is no merit to his claim that his counsel erred in not bringing this out.

3. Defendant's final contention is that the trial court erred in determining defendant's criminal history score for sentencing purposes. After a sentencing hearing in which defendant disputed his criminal history score, the trial court determined that defendant's criminal history score was eight. The presumptive sentence for the crime in question, which is a severity level VI offense, by a person with a criminal history score of six or more normally is 65

(60–70) months in prison, but in this case it was limited by the fact that the statutory maximum for the offense is 5 years or 60 months. The trial court sentenced defendant to 60 months in prison. Defendant contends that his criminal history score should have been three and that his presumptive sentence should have been 34 (33–35) months in prison, executed.[1]

Defendant was given one misdemeanor/gross misdemeanor point and seven felony points, as follows:

| Misdemeanors | Units | Points |
|---|---|---|
| 1. 9/74 Possession of controlled substance Cayuga County, N.Y. (30 days) | 1 | |
| 2. 12/76 Uncased Firearm, Polk County, Mn. ($25 fine) | 0 | |
| 3. 6/77 Theft, Grand Forks, N. Dak. (6 months) | 2 | |
| 4. 6/77 Forgery Grand Forks, N. Dak. (6 months) | 2 | |
| | 5 | 1 |

| Felonies | Points |
|---|---|
| 1. 9/75 Selling Controlled Substances (4 counts) Polk County, Mn. (5 years probation) | 4 |
| 2. 10/77 Providing False Information to Purchase a Firearm, Federal Court, Fargo, N. Dak. (2 years concurrent) | 1 |
| 3. 9/78 Forgery Grand Forks, N. Dak. (5 years) | 1 |
| 4. 9/78 Forgery Grand Forks, N. Dak. (5 years, concurrent) | 1 |
| Total | 7 |

Criminal History Score 8

(a) One of defendant's arguments is that it was error to give him four points for the four September 1975 convictions for selling controlled substances in Polk County. The state presented certified copies of the four convictions, including evidence that while the sentences for the four convictions were concurrent, there were four underlying files or case numbers. Defendant claims that these four convictions were all based on conduct that was part of a single-behavioral incident and that therefore under II.B.1.b. of the Sentencing Guidelines he could be assigned at most two felony points for those convictions. Defendant did not raise this issue at the sentencing hearing and therefore a record was never developed on the issue. Defendant's claim that the four convictions were based on conduct that was part of single-behavioral incident is therefore an assertion that was not made in the trial court and that cannot be substantiated on this appeal. Even at this late date the defense has not presented us with any evidence that would substantiate defendant's claim that all four convictions were based on conduct that was part of a single-behavioral incident.

(b) Defendant's other main contention is that the two Grand Forks gross misdemeanors and the two Grand Forks felonies could not be relied on in determining his criminal history score. If he is right, then his criminal history score should be reduced by three points. The state produced certified copies of those convictions but defendant contended that they could not be used in computing his criminal history score because he was in prison in Minnesota at the time of the convictions and did not personally enter the pleas as required by the North Dakota Rules of Criminal Procedure. With respect to each of the two challenged felony convictions, the state established that defendant had waived his right of personal appearance and authorized his attorney to enter a plea of guilty on his behalf. The state also established that de-

1. Even if the premise of defendant's argument is correct, it does not follow that his sentence must be reduced to 34 months. This is because the offense carried a minimum term of 3 years, which translates into a Guidelines term of 54 months. Minn.Stat. § 609.11, subds. 5 and 9 (1982); Minnesota Sentencing Guidelines and Commentary, II.E. (1982).

fendant had never challenged any of these convictions in North Dakota.

Defendant argues that a criminal defendant in North Dakota cannot authorize his attorney to enter a guilty plea in his absence or waive his right to be present at the entry of the plea. The North Dakota rule is modeled after the federal rule. It is generally understood that under the federal rule a defendant can waive his right to be present at any time with the consent of the court. 3A Wright, Federal Practice and Procedure, Criminal 2d § 723 (1982). However, we need not decide the issue. Even assuming that the North Dakota rules were violated, it does not necessarily follow that the North Dakota convictions should not be used in computing defendant's criminal history score. Defendant has not challenged the validity of those convictions in North Dakota but is only doing so collaterally here. There may be cases in which the sentencing court, in determining the defendant's criminal history score, should look at the procedures that led to the prior conviction. Generally, however, the trial court should only have to determine if the defendant was convicted and if the conviction was for an offense that corresponds to an offense in Minnesota. Both of these tests were met in this case. That being so, we hold that it was not error to use the convictions in question in determining defendant's criminal history score.

Affirmed.