Mark Kayo BIXBY, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. C1–83–975.

Supreme Court of Minnesota.

Feb. 17, 1984.

C. Paul Jones, Minnesota State Public Defender by Kathy King, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., St. Paul, Harris I. Darling, Nobles County Atty., Worthington, for respondent.

AMDAHL, Chief Justice.

This is an appeal from an order of the district court denying a petition for post-conviction relief. The appeal concerns whether petitioner's two 1977 convictions of criminal sexual conduct in the third degree were based on a single behavioral incident. If so, then the sentencing court erred in 1982 when, in computing petitioner's criminal history score in order to determine the presumptive sentence for a current offense of receiving stolen property, it gave petitioner two felony points for the 1977 convictions. We hold that the sentencing court erred and that the postcon-viction court erred in refusing to correct the error.

In 1977, when he was 18 years old, petitioner was tried in district court on two counts of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(f)(i) (1982) (forced sexual penetration). Those charges were based on two acts of penetration of the same victim, a 15-year-old girl, on June 23, 1977.

The transcript reveals that on the evening of the events in question, at about 5:30 p.m., petitioner, his brother, and one Claude Mangel picked up the victim, who was petitioner's former girlfriend, and drove her to an isolated place. The victim claimed that petitioner and Mangel forced her to have sexual intercourse with them there, then drove her to a different place and again forced her to have sexual intercourse with them. Petitioner claimed he blacked out from drinking too much and had no memory of the incident. Mangel—who pleaded guilty to one count of criminal sexual conduct in the third degree, section 609.344(b) (sexual intercourse with a person under age 16 by a person who is more than 24 months older)—testified for the state. He claimed that the victim wanted to resume her relationship with petitioner and that petitioner agreed to do that if she would have sexual intercourse with Mangel and him. He testified that, although she was reluctant at first, she eventually agreed. He testified that he and petitioner each had consensual sexual intercourse with her at the first location but he denied that they had sexual intercourse with her at the second location. He testified that at the second location petitioner told her that he was unwilling to resume their relationship, and that she became angry at petitioner. They dropped her off sometime between 7 and 8:30 p.m. (the testimony was conflicting). She made her complaint to the police at about 11 p.m.

The jury apparently concluded that petitioner did not force the victim to have sexual intercourse with him because it found petitioner guilty only of two counts of the lesser-included offense of criminal

sexual conduct in the third degree, section 609.344(b) (sexual intercourse with a person under age 16 by a person who is more than 24 months older). In other words, the jury found petitioner guilty of two counts of what used to be called statutory rape.

Subsequently, petitioner was sentenced for the two offenses. Petitioner moved for imposition of only one sentence pursuant to section 609.035, but the trial court denied that motion, sentencing him to two concurrent 5-year indeterminate prison terms. Petitioner did not appeal presumably because it did not then appear that there would be any collateral consequences of the imposition of two concurrent terms.

In 1982 petitioner was charged with receiving stolen property and theft, the property involved having a value of approximately $400. Petitioner was found not guilty of theft but guilty of receiving stolen property. The sentencing worksheet that was prepared showed petitioner as having a criminal history score of four. Two of the four points were felony points based on the two convictions of criminal sexual conduct in the third degree. The presumptive sentence for the offense of receiving stolen property, a severity level IV offense, when committed by a person with a criminal history score of four at the time of sentencing is 25 (24–26) months executed. If petitioner had been given only one felony point for the two 1977 sex convictions his criminal history score would have been only three. The presumptive sentence for the offense of receiving stolen property by a person with a criminal history score of three is 21 months stayed.

Petitioner's attorney urged the court to put petitioner on probation. Although at that time petitioner's attorney did not challenge the propriety of assigning petitioner two felony points for the 1977 sex convictions, the attorney did point out to the court that two of the points were based on two separate acts of intercourse with the same girl on the same evening. The court sentenced petitioner to 25 months in prison and executed the sentence.

Petitioner thereafter tried to get the trial court to modify the sentence on the ground that giving him two felony points for the two sex convictions was erroneous because those convictions arose from the same behavioral incident under section 609.035. Petitioner's brief indicates that the trial court declined to rule on the matter because the prior sentences were imposed by a different judge.

Petitioner subsequently filed a petition for postconviction relief. The postconviction court did not address the issue of whether the two 1977 sex convictions arose from a single behavioral incident. Instead, the court simply denied relief on the ground that petitioner had not proven that his early release would not present a danger to the public or would not be incompatible with the welfare of society.

Petitioner was sentenced to 25 months in prison on July 16, 1982. Assuming good time credit, petitioner would serve 16⅔ months of prison time. This means that petitioner probably was released from prison sometime in December of 1983.

■ The postconviction court erred in refusing to rule on the issue raised by petitioner. The court based its refusal on the ground that petitioner had not proved that his early release would not present a danger to the public or would not be incompatible with the welfare of society. A petitioner bears this burden only if he is seeking retroactive application of the Sentencing Guidelines to a crime committed before the Guidelines became effective. Minn. Stat. § 590.01, subd. 3 (1982). Petitioner was not seeking retroactive application of the Sentencing Guidelines to the 1977 convictions. Instead, he was simply using the postconviction procedure to challenge the computation of his criminal history score for the 1982 offense. *See Jackson v. State,* 329 N.W.2d 66 (Minn.1983), and *Davis v. State,* 324 N.W.2d 802 (Minn.1982) (both upholding the use of the postconviction remedy to obtain review of a sentencing issue under the Sentencing Guidelines).

Petitioner's contention that the two sex convictions arose from a single behavioral

incident is based on our decision in *State v. Herberg*, 324 N.W.2d 346 (Minn.1982). In *Herberg* the defendant forced a girl into his car in Stearns County, drove her a short way into Todd County, then sexually abused her. Believing that they were in an area where they might be observed, the defendant then drove to a gravel pit in a nearby township and sexually abused her again. We ruled that multiple sentencing was barred by section 609.035, stating:

> [W]e believe that there was an underlying unity to the various acts of assault, penetration, and degradation and that therefore the trial court should have sentenced defendant for only one of his crimes. The fact that the two acts of sexual penetration of which defendant was convicted occurred in separate places does not necessarily mean that the acts were not part of a single course of conduct. Defendant moved the victim to a different place before committing the second act of penetration only because he feared that the first location was too open and that they might be noticed. His underlying motivation remained the same: to satisfy his perverse sexual needs by assaulting, penetrating, and degrading the victim in various ways.

324 N.W.2d at 349. In so ruling, we distinguished the *Herberg* case from *State v. Stevenson*, 286 N.W.2d 719 (Minn.1979), a case where the defendant persuaded a girl to accompany his wife and him to a farm, then raped her on two different occasions separated by a 5-hour interval. In *Stevenson* we upheld the multiple sentencing, stating:

> A closer issue, but one which we also resolve against defendant, is that raised by the contention that in sentencing him to two terms the trial court violated section 609.035, which bars multiple punishment of a defendant for multiple offenses arising from the same behavioral incident. While the offenses both involved coerced sexual intercourse with the same 15-year-old girl and both occurred in the same general place and on the same day, the offenses were separated by a period of approximately 5 hours

and neither act bore any essential relationship to the other. Further, the underlying purpose of section 609.035 is to prevent punishment which is disproportionate to the culpability of the defendant. Here, we are satisfied that multiple punishment of defendant is not barred by the statute and is consistent with the purpose of the statute. *See, State v. Shevchuk*, 282 Minn. 182, 163 N.W.2d 772 (1968).

286 N.W.2d at 720.

■ We believe that *Herberg* controls. The fact that the jury found that the two acts of sexual intercourse were consensual supports our conclusion that there was just one basic incident of wrongdoing that took place at two different locations in one evening. It is true that our decision of this issue apparently will not have any significant practical effect at this point, since petitioner presumably has already been released from prison. However, it could make a difference in the future if petitioner commits another crime.

Petitioner's brief indicates that at some point after petitioner was sentenced for the current offense he tried to get the sentencing court to reconsider the sentence on the ground that it had erred in computing the criminal history score. If petitioner's brief is correct, the sentencing court said that it could not decide whether the two sex convictions arose from a single behavioral incident, that the judge who sentenced petitioner in 1977 would have to decide that. This, in our opinion, is not the correct procedure.

■ *Pilger v. State*, 337 N.W.2d 695 (Minn.1983), and *State v. McAdoo*, 330 N.W.2d 104 (Minn.1983), are instructive as to the procedures that should be followed. In *Pilger* the defendant raised two issues on appeal concerning the computation of his criminal history score, one being that the trial court erred in giving him four felony points for four September 1975 Minnesota convictions of selling controlled substances. Our decision of that issue indicates that the appropriate procedure is for

a defendant to raise the issue at the time the judge is sentencing him for the current offense and to present evidence establishing his claim that the multiple convictions were based on conduct that was part of a single behavioral incident.

In *McAdoo* the sentencing issue related to whether the trial court properly gave the defendant four felony points for four Illinois convictions that resulted from the defendant's participation in a multiple-victim robbery and shoot-out with the police. The precise issue was whether the record supported the sentencing court's determination that the conduct underlying the offenses was divisible. We held that the record supported the determination. *McAdoo* supports the view that if the defendant seeks to prove that two prior convictions for which he was sentenced were based on conduct that was part of a single behavioral incident, the court sentencing him for the current offense is the proper court for deciding the issue.

In summary, the sentencing court should have decided the issue when the issue was presented to it. Once the issue was before the postconviction court, the postconviction court should have decided it. Our reading of the transcript of the 1977 trial convinces us that the two convictions were based on conduct that was part of a single behavioral incident. Accordingly, we hold that the sentencing court erred in computing petitioner's criminal history score and that the postconviction court erred in refusing to correct the error.

Reversed.