STATE of Minnesota, Respondent,

v.

Jeffrey NORDBY, Appellant.

No. C6–89–1519.

Court of Appeals of Minnesota.

Dec. 12, 1989.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Alan L. Mitchell, St. Louis County Atty., Charles P. Schumacher, Asst. County Atty., Duluth, for respondent.

Considered and decided by FOLEY, P.J., KALITOWSKI and STONE,* JJ., without oral argument.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

FOLEY, Judge.

Appeal from felony sentencing on ground of improper computation of criminal history score under the sentencing guidelines by assigning two misdemeanor units to convictions alleged to have constituted a single behavioral incident. We affirm.

## FACTS

Appellant Jeffrey John Nordby was convicted by virtue of his plea of guilty to a charge of financial transaction card fraud for getting $250 from an automatic teller machine with a stolen card. At sentencing, Nordby challenged the trial court giving him more than one misdemeanor unit under the sentencing guidelines for prior convictions of theft and giving false information to police. Nordby filed an affidavit with the trial court in support of his claim that the two offenses were part of a single behavioral incident. The trial court also had before it a copy of the arrest report on the misdemeanor offenses.

Nordby was sentenced to a term of 17 months with a stay of execution for three years and a probationary jail sentence. The trial court gave the offenses of misdemeanor theft and giving false information to the police each a separate misdemeanor unit, resulting in a higher criminal history score.

The circumstances surrounding the two prior misdemeanor offenses are contained in the police reports, which Nordby has acknowledged are part of the record for this appeal. According to the police reports, Nordby was detained by store security for shoplifting an electronic dog collar. When the police arrived at the store, they asked Nordby for some identification. He said he only had a medical card and gave it to the police. When asked, Nordby gave his full name but a fictitious date of birth.

The police initially were only going to issue a citation to Nordby for him to appear in court on the shoplifting charge. A computer check done by police radio, however, revealed a record of a party with the same name whose physical description matched Nordby's but who had a different date of birth. There was also a record of an outstanding felony warrant for that individual. The police then looked in Nordby's wallet and found papers with the date of birth used in the computer records. Nordby was informed he was being taken to jail to be booked for misdemeanor theft, giving false information to police and a felony warrant.

Probation was subsequently revoked on the financial transaction card fraud offense and the 17–month sentence was executed. Nordby now seeks to have his sentence reduced to 15 months.

## ISSUE

Did the trial court err at felony sentencing in its determination that prior convictions for offenses of theft and giving false information to police were not based on conduct that was part of a single behavioral incident?

## ANALYSIS

In a subsequent sentencing for another offense, use of prior convictions in computing a criminal history score may be challenged by a defendant on grounds based on Minn.Stat. § 609.035 (1988). *Bixby v. State*, 344 N.W.2d 390, 393–94 (Minn. 1984). The state has the burden of proof in establishing a defendant's criminal history for sentencing guidelines purposes. *State v. Marquetti*, 322 N.W.2d 316, 319 (Minn. 1982).

Minn.Stat. § 609.035 (1988) provides in pertinent part that

if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses * * *.

To determine whether a defendant's conduct constitutes more than one offense under Minn.Stat. § 609.035, the court first has to decide whether the conduct constituted a single behavioral incident. *See State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966). In deciding whether two intentional crimes were part of the

same course of conduct for purposes of sentencing, the focus is on the factors of time and place with the additional consideration of whether the segments of conduct involved were motivated by an effort to obtain a single criminal objective. *State v. Banks*, 331 N.W.2d 491, 493 (Minn.1983). This is not "a mechanical test but one which involves an examination of all the facts and circumstances of the case." *Id.* In the final analysis, each case must be decided on its own facts. *State v. Boley*, 299 N.W.2d 924, 926 (Minn.1980).

This court may review whether the record supports the trial court's determination that the two offenses were not based on conduct that was part of a single behavioral incident. *See Bixby*, 344 N.W.2d at 394 (noting that in *State v. McAdoo*, 330 N.W.2d 104 (Minn.1983), the "precise issue" was whether the sentencing court's determination that the underlying conduct was divisible was supported by the record.) We find that the record does support the trial court's determination.

Nordby submitted an affidavit to the trial court that he gave false information to the police to evade punishment for the theft charge. He argues that the charges for theft and giving false information to the police are, therefore, one behavioral incident. Nordby relies on cases that have held crimes committed in avoiding apprehension are not part of the behavioral incident of the main crime if they are separated significantly in time and place from the main crime. *See, e.g., State v. Gilbertson*, 323 N.W.2d 810 (Minn.1982); *Boley; State v. Mendoza*, 297 N.W.2d 286 (Minn.1980); *State v. White*, 292 N.W.2d 16 (Minn.1980).

We find *Banks* is more analogous to the instant case. In *Banks*, the defendant was charged with unlawful possession of a gun by a felon and fleeing a police officer. The court found two separate incidents. While the defendant said he was fleeing because he had a gun, he also admitted he was fleeing because he did not have a driver's license. The defendant was also being sought by the police for arrest for forgery offenses. The court found that the defendant had the gun before he got into his car

and before he fled the police officer. It also found that he had other reasons to flee besides the possession of the gun. *Banks*, 331 N.W.2d at 494.

We find that the record supports finding these two crimes to be divisible. Nordby already had been apprehended for the shoplifting. Concealing his true date of birth only gave him the slim hope of not being found if he did not appear in court on the citation the police had issued. It did not lessen his obligation to appear in court on the theft charge. Avoiding incarceration on the outstanding felony warrant provided a much stronger motivation for giving false information to police.

## DECISION

The state has met its burden of proof and the trial court was correct in finding the two misdemeanor offenses to be divisible.

Affirmed.