**STATE of Minnesota, Respondent,**

v.

**Andrew LUNA, Appellant.**

**No. 81–168.**

Supreme Court of Minnesota.

June 4, 1982.

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Richard D. Hodsdon, Spec. Asst. Attys. Gen., St. Paul, Paul Morreim, County Atty., Albert Lea, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(c)–(d) (1980) (sexual penetration accomplished by (c) causing complainant to reasonably fear imminent great bodily harm or (d) use or threatened use of a dangerous weapon). The presumptive sentence for this offense, which is a severity level VIII offense, by one with defendant's criminal history score (zero) is 43 months, with the trial court being permitted to impose a sentence of any duration from 41 to 45 months without being required to file a departure report justifying the sentence. Departing from the presumptive sentence, the trial court sentenced defendant to 60 months in prison. On this appeal from judgment of conviction, defendant seeks alternatively (1) an outright reversal on the ground that the evidence of his guilt was legally insufficient, (2) a new trial on the ground that the trial court erred in (a) admitting *Spreigl* evidence and (b) requir-

ing a state's rebuttal witness, who had previously been called by the defense, to take the oath again on being recalled, or (3) at a minimum, a reduction of the sentence to the presumptive sentence established by the Sentencing Guidelines. We affirm.

■ 1. Defendant's first contention, that the evidence of his guilt was legally insufficient, is meritless. The evidence established that the victim, a 13-year-old child who knew the defendant, was forced by defendant, who was armed with a scissors, to commit fellatio in the garage of her family home early one morning when her mother was at work. As defendant apparently was preparing to commit sexual intercourse, the victim, clad only in night clothes, fled and sought help from a passing motorist. Corroborating evidence included evidence that defendant was not at his own house at the time of the offense, evidence that defendant knew the victim's mother was at work, and evidence that defendant was seen in the vicinity of the victim's house shortly before the offense was committed.

■ 2(a). The *Spreigl* issue relates to the admissibility of evidence concerning a prior act of criminal sexual misconduct by defendant against the same victim a few days earlier. Defendant argues that the evidence of the prior offense was not clear and convincing and that the potential of the *Spreigl* evidence for unfair prejudice outweighed its probative value. We conclude that the trial court properly admitted the evidence.

In its preadmittance determination that the evidence of the other offense was clear and convincing, *see State v. Matteson*, 287 N.W.2d 408 (Minn.1979), the trial court could rely on the positive nature of the victim's claim and on the fact that, subsequent to an even earlier incident of sexual misconduct against the same victim, evidence of which was withheld from the jury, the police literally caught defendant in the act of using a scissors to intimidate the victim and her family in order to prevent them from reporting the incident. The fact that the prior offense was against the same

victim does not render the evidence inadmissible. *State v. Volstad*, 287 N.W.2d 660 (Minn.1980).

■ (b) Defendant's other claim of trial error relates to the trial court requiring a state's rebuttal witness, who had earlier testified for the defense, to retake the oath before testifying. Defendant cites no cases. It appears that the trial court simply believed that whenever a witness is recalled by the other side or in a different phase of the trial (as opposed to being recalled by the same side during the same phase of the trial), readministration of the oath is required. We need not decide whether this is true because we fail to see how this could have prejudiced defendant in this case. In any event, defense counsel turned down an offer of the trial court to explain to the jury that it was routine for him to require readministration of the oath in this situation.

■ 3. The remaining issue is the sentencing issue. The trial court gave the following reasons for departure: the particular vulnerability of the victim due to age, the use of the scissors, and the fact that defendant had been in some sort of position of authority over the victim by virtue of his friendship with the victim's mother.

The legislature, to a great extent, has taken the vulnerability of the victims of rape and factors, such as the use of knives, into account in distinguishing rape offenses by degree. Each case must, nonetheless, be considered on its own. *State v. Martinez*, 319 N.W.2d 699 (Minn.1982.) Here, the evidence did not establish that defendant was in a position of authority over complainant (*see* Minn.Stat. § 609.-341, subd. 10 (1980)). If the state thought that it could prove position of authority, it would have charged defendant under section 609.342(b). As for the age of the victim, it is true that the legislature has considered age of the victim in distinguishing sex offenses by degree and it is also true that, regardless of our ages, we are all equally vulnerable in the face of a knife. Notwithstanding this, a qualitative assess-

ment of what defendant did justifies the conclusion that this case is sufficiently different in degree from other cases of first-degree criminal sexual conduct to justify the limited departure here. Defendant did not just use a knife and he did not just threaten to harm complainant; rather, he did both these things and his threat was a particularly offensive one—he threatened to stick the scissors into the victim's vagina and cut her. The combination of these facts with other facts, including the fact that the victim was only 13 years old, makes this case sufficiently different in degree to justify the limited upward departure.

Affirmed.