**STATE of Minnesota, Respondent,**

v.

**David M. HERBERG, Appellant.**

**No. 82-64.**

Supreme Court of Minnesota.

Sept. 8, 1982.

C. Paul Jones, Public Defender and Lawrence Hammerling, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen. and Norman B. Coleman, Jr., Sp. Asst. Atty. Gen., St. Paul, Gaylord A. Saetre, Jr., County Atty., Long Prairie, Roger Van Heel, County Atty., St. Cloud, for respondent.

AMDAHL, Chief Justice.

This is a criminal appeal from judgment of conviction which raises only sentencing issues, namely, the propriety of departure from the Guidelines presumptive sentence, scope of departure, and application of Minn. Stat. § 609.035 (1980), which forbids multiple sentencing of a defendant for multiple offenses against the same victim as part of one behavioral incident.

Defendant, who is now 39, is a compulsive sex offender who was first convicted in 1973 in Douglas County of attempted aggravated rape of a 15-year-old female. After failing in treatment, defendant was sentenced to prison, where he remained until 1977, when he was paroled.

We are concerned primarily with the conduct of defendant that occurred on the afternoon of July 17, 1981. On that day defendant was driving north of Sauk Centre, which is in Stearns County, when he spotted a 14-year-old girl on her bicycle. Defendant stopped and, using a knife, forced the girl into his car, tied her hands with his belt, pushed her on the floor, and covered her with a blanket.

He then drove a short way into Todd County and turned onto a gravel road, where he stopped. There he used his knife to cut off her clothes. He then inserted some of his fingers into her vagina. He also cut her vagina with the knife.

Feeling perhaps that they were in an area where they might be observed, defendant had the victim dress herself, and he then drove to a gravel pit in a nearby Todd County township. There he ordered her to remove her clothes again and forced her to remove his also. He then made her stick a safety pin into the nipple of her left breast. He then forced her to ask him to hit her. After hitting her, he forced her to commit fellatio and to submit to anal penetration. He made her use a cigarette to burn herself on a breast and near the pubic area. He then defecated and urinated on her face, forcing her to ingest some of the excrement and urine. He then made her urinate into a cup and drink it. He then took a string from her blouse and choked her to the point of unconsciousness, leaving burn marks on her neck. Then, after cutting her with his knife in a couple places, he drove her back to the area from which he had abducted her and released her.

It appears that in committing these various acts, defendant was giving life to some stories he had read in various pornographic books. These books, which were seized from defendant following his arrest, bear titles such as *Violent Stories of Kinky Humiliation, Violent Stories of Dominance and Submission, Bizarre Sex Crimes: Shamed Victims,* and *Watersports Fetish: Enemas and Golden Showers.*

Defendant was charged in Stearns County with kidnapping and assault in the second degree (assault with a dangerous weapon). Defendant was charged in Todd County with kidnapping; two counts of assault in the second degree (one count for cutting the victim's vagina and the other for cutting her in the chest); three counts of criminal sexual conduct in the first degree (one for penetrating the victim's vagina with his fingers, one for the act of fellatio, and one for the anal penetration); and one

count of attempted first-degree murder (for choking her).

Pursuant to a plea negotiation resulting in the dismissal of the other charges, defendant was permitted to plead guilty to two counts of assault in the second degree (one for threatening the victim in Stearns County and one for cutting her vagina in Todd County) and two counts of criminal sexual conduct in the first degree (one count for penetrating the victim's vagina with his fingers and one count for penetrating her anus with his penis, both acts occurring in Todd County).

The district court sentenced defendant to consecutive terms of 240 months for each of the two sex offenses, making a total of 480 months or 40 years in prison. The court imposed terms of 54 months each for the two assaults, with the terms to run concurrently with each other and with the sentences for the sex offenses.

Defendant's criminal history score at the time of sentencing was two, based on one prior felony conviction and one custody status point. Criminal sexual conduct in the first degree is a severity level VIII offense and assault in the second degree is a severity level VI offense. The presumptive sentence for criminal sexual conduct in the first degree by a person with a criminal history score of two is 65 (60–70) months in prison.

Under Minn.Stat. § 609.035 (1980) a sentencing court cannot impose multiple sentences (even concurrent sentences) for multiple offenses committed against the same victim in a single behavioral incident. Even in those instances in which multiple sentencing is permitted, concurrent multiple sentencing is the norm under the Sentencing Guidelines. Section II.F. of the Guidelines provides that, absent grounds for departure, consecutive sentences may be given only in the following cases:

1. When a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person, and when the sentence for the most severe current conviction is executed according to the guidelines; *or*

2. When the offender is convicted of multiple current felony convictions for crimes against different persons, and when the sentence for the most severe current conviction is executed according to the guidelines; *or*

3. When the conviction is for escape from lawful custody, as defined in Minn. Stat. § 609.485. The presumptive disposition for escapes from executed sentences shall be execution of the escape sentence. If the executed escape sentence is to be served concurrently with other sentences, the presumptive duration shall be that indicated by the appropriate cell of the Sentencing Guidelines Grid. If the executed escape sentence is to be served consecutively to other sentences, the presumptive duration shall be that indicated by the aggregation process set forth below.

In explaining its decision to impose multiple sentences in this case, the district court, citing *State v. Stevenson,* 286 N.W.2d 719 (Minn.1979), stated its belief that the various offenses were not part of a single behavioral incident.

In *Stevenson,* which is a pre-Guidelines case, the defendant and his wife persuaded a 15-year-old girl to accompany them to a farm. There the defendant took the girl to the house and raped her. After this was over, the victim went to the car and stayed in it for about 4 hours. Whenever she asked to be taken home, the defendant would say that he was afraid that she would go to the police. Finally, nearly 5 hours after the first rape, the defendant raped her again. Several hours later he and his wife returned her to town. Stevenson was charged with two counts of criminal sexual conduct in the first degree but, possibly as a result of instructions which did not clearly distinguish criminal sexual conduct in the first degree from criminal sexual conduct in the third degree, was convicted only of two counts of criminal sexual conduct in the third degree. The trial court sentenced Stevenson to consecutive 5-year prison terms. In upholding the multiple sentences, we stated as follows:

A closer issue, but one which we also resolve against defendant, is that raised by the contention that in sentencing him to two terms the trial court violated section 609.035, which bars multiple punishment of a defendant for multiple offenses arising from the same behavioral incident. While the offenses both involved coerced sexual intercourse with the same 15-year-old girl and both occurred in the same general place and on the same day, the offenses were separated by a period of approximately 5 hours and neither act bore any essential relationship to the other. Further, the underlying purpose of section 609.035 is to prevent punishment which is disproportionate to the culpability of the defendant. Here, we are satisfied that multiple punishment of defendant is not barred by the statute and is consistent with the purpose of the statute. *See, State v. Shevchuk,* 282 Minn. 182, 163 N.W.2d 772 (1968).

286 N.W.2d at 720.

█ In this case we believe that there was an underlying unity to the various acts of assault, penetration, and degradation and that therefore the trial court should have sentenced defendant for only one of his crimes. The fact that the two acts of sexual penetration of which defendant was convicted occurred in separate places does not necessarily mean that the acts were not part of a single course of conduct. Defendant moved the victim to a different place before committing the second act of penetration only because he feared that the first location was too open and that they might be noticed. His underlying motivation remained the same: to satisfy his perverse sexual needs by assaulting, penetrating, and degrading the victim in various ways.

However, we agree with the district court that this is the extremely rare case—*see State v. Stumm,* 312 N.W.2d 248 (Minn. 1981)—in which a sentence greater than double the presumptive sentence is justified.

In three recent cases—*State v. Partlow,* 321 N.W.2d 886 (Minn.1982); *State v. Luna,* 320 N.W.2d 87 (Minn.1982); and *State v.*

*Martinez,* 319 N.W.2d 699 (Minn.1982)—we have discussed the issue of when and to what extent departure is justified in sex cases. The general approach is that the legislature, to a great extent, has taken the vulnerability of the victims of rape and factors such as the use of knives and threats into account in distinguishing rape offenses by degree. However, we have also indicated that each case must be considered on its own.

In *Partlow,* we held that a double (but not a greater) departure was justified because of the absolute vulnerability of the victim (who was 2 years and 10 months old) and the particular cruelty involved (in penetrating the victim with his finger, the defendant caused a tear requiring surgery to repair). In *Luna,* we upheld a limited departure (60 months instead of the presumptive sentence of 43 months) because the facts, although not different in kind, were sufficiently different in degree from other first-degree criminal sexual conduct cases (defendant not only used a scissors and threatened the victim, who was only 13, with imminent great bodily harm, but he made a particularly offensive threat, specifically, to cut her vagina). In *Martinez,* we allowed a double (but not greater) departure from the presumptive sentence because of the particularly cruel way in which the defendant committed the offense (the offense occurred in the victim's house, which defendant entered without permission; he not only threatened to cut her with a knife but threatened to sexually assault the victim's daughters; and he forced her to engage in various types of sexual contact and sexual penetration over a 2-hour period).

A comparison of the facts in this case with those in another recent sex case, *State v. Heinkel,* 322 N.W.2d 322 (Minn.1982), is useful in explaining why a sentence greater than double the presumptive sentence is justified in this case. In *Heinkel,* the defendant, a 53-year-old man, used a gun to kidnap a young woman from a Twin Cities shopping center. He then drove her in her car to an isolated area in Maple Grove, where he forced her to remove her clothes,

then kissed her; fondled her breasts; made her "play" with his penis; made her commit fellatio; penetrated her vagina with his finger; made her sit on him with his penis penetrating her vagina; and made her say that she liked having intercourse with him. When he spotted a police car on routine patrol out on the highway, he drove a short distance to a dead end dirt road in Maple Grove, making her "play" with his penis as he drove. Once there, he made her commit fellatio again until she said that her mouth was sore. He then forced her to drink some brandy he had with him, then made her masturbate herself while he did the same, then made her have sexual intercourse with him again. Then, when two people drove up in a car, the victim leaped out of her car and sought help, with Heinkel driving off in her car. In our opinion in *Heinkel* we stated that, on remand, a doubling of the presumptive sentence of 43 (41–45) months—making a maximum of 90 months—would be permissible.

This case is factually similar in a number of ways to *Heinkel*. But we believe that defendant's conduct was also significantly more aggravated than that in *Heinkel*. Defendant not only terrified the victim and forced her to submit to various types of penetration, as did the defendant in *Heinkel*, but he subjected the victim to outrageously gross and vile physical abuse, including cutting her vagina, forcing her to stick a pin into one of her nipples, hitting her gratuitously, choking her, and forcing her to ingest excrement and urine. We therefore conclude that the trial court was justified not only in departing from the presumptive sentence, but also in imposing a sentence greater than that which would be allowed by the application of the general doubling rule of *State v. Evans*, 311 N.W.2d 481 (Minn.1981).

In conclusion, while multiple sentencing was barred by Minn.Stat. § 609.035 (1980), the district court was justified in departing from the presumptive sentence for criminal sexual conduct in the first degree and in imposing the statutory maximum sentence of 240 months or 20 years in prison.

The only remaining issue, which we raise on our own motion, is whether the 20-year sentence must be served consecutively to any time remaining on defendant's sentence for his 1973 conviction. The present offense is for a crime against a person, and the 1973 conviction was for a crime against a person. Section II.F.1. of the Sentencing Guidelines provides that consecutive sentencing may be given "When a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person, and when the sentence for the most severe current conviction is executed according to the guidelines." Therefore, it is clear that the trial court could have made the sentence run consecutively to the time remaining on the sentence for the 1973 conviction. It appears that the trial court, in imposing a 40-year prison term, saw no reason for making the term run consecutively to time remaining on the 1973 sentence because Minn.Stat. § 609.15 (1980) states that "If the court specifies that the sentence shall run consecutively, the total of the terms of imprisonment imposed, other than a term of imprisonment for life, shall not exceed 40 years." Since it is beyond question that the trial court sought to impose the maximum sentence possible upon the defendant, we need not remand for a determination by the trial court of whether to order the sentence for the present offense to be served consecutively to, or concurrently with, the time remaining on the 1973 sentence. Accordingly, we order that the present 20-year sentence be served consecutively to the 1973 sentence and that service of the consecutive sentence for the current conviction shall commence upon the completion of incarceration arising from the prior sentence.

Affirmed as modified.

COYNE, J., took no part in the consideration or decision of this case.