Joseph Donald TURE, Jr., petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

Nos. C7–82–1635, C7–83–88 and C1–83–250.

Supreme Court of Minnesota.

June 29, 1984.

C. Paul Jones, State Public Defender, Kathy King, Mark F. Anderson, Mary E. Steenson, Asst. Public Defenders, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Henn. County. Atty., Vernon E. Bergstrom, Rick Osborne, Michel Richardson, Beverly J. Wolfe, Asst. County Attys., Minneapolis, for respondent.

KELLEY, Justice.

We have consolidated, on our own motion, three appeals by defendant from orders denying post-conviction relief from convictions arising from a series of sex offenses committed by defendant in Minneapolis in the fall of 1980. We decide by separate opinion in *State v. Ture*, 353 N.W.2d 502 (Minn.1984), filed herewith, defendant's appeal of his conviction of murder, which he committed while kidnapping and sexually assaulting another woman, also in the fall of 1980.

Early on October 19, 1980, while armed with a knife, defendant forced an 18-year-old woman into his car in the Lake Street area of south Minneapolis and drove her to a secluded place, forcing her to commit fellatio as he drove and forcing her to submit to sexual intercourse once he stopped driving. After defendant dropped her off, the victim immediately called police. On October 22, 1980, she identified defendant's photograph in a photographic display.

Early on October 25, 1980, defendant, using a knife, forced a 13-year-old runaway into his car in the Lake Street area of south Minneapolis and drove her to a nearby residential area, where he forced her to commit fellatio and to submit to cunnilingus and sexual intercourse. After being released, the victim told the woman who was harboring her and also reported the incident to her uncle, but she did not report it to police until later that day, when she was detained at a store for shoplifting.

Late on October 27, 1980, defendant attempted to force a 20-year-old woman into his car in the Lake Street area of south Minneapolis but fled when the woman burned him on the face with her lit cigarette. This victim copied down the license plate number of defendant's car and reported the incident to the police the following day. On October 29, 1980, she identified defendant's photograph. Early on October 30, 1980, she spotted defendant as he was again driving in the area in his car, and she immediately called the police. Defendant was arrested nearby a short time later.

When he was arrested, defendant was observed to have a small blemish on his face where the victim touched him with her cigarette.

On the afternoon of October 30, 1980, police questioned defendant, first about the October 19 incident, then about the October 27 incident. While denying that he committed any crimes, defendant made statements that connected him to all three incidents. On October 31, 1980, the victim of the October 25 incident identified defendant's picture. Also on that date, police discovered incriminating evidence in a warranted search of defendant's car. Police also questioned defendant about the October 25 incident, obtaining more statements connecting him to that offense.

Defendant was tried first for the October 27 incident and was found guilty of attempted kidnapping and attempted criminal sexual conduct in the first degree. He was originally sentenced to 120 months in prison for attempted criminal sexual conduct in the first degree, but the court subsequently reduced this to 45 months.

Defendant was next tried for the October 25 incident and was found guilty of criminal sexual conduct in the first degree, criminal sexual conduct in the third degree and kidnapping. The trial court sentenced defendant to a consecutive term of 120 months for criminal sexual conduct in the first degree.

Defendant was found guilty of kidnapping and two counts of criminal sexual conduct in the first degree in connection with the October 19 incident and was sentenced to three terms of 120 months, with the terms running concurrently with each other but consecutively with the previously imposed terms.

We consider the three appeals in the order in which the offenses were committed.

1. In connection with the October 19 incident, defendant claims that the trial court erred in admitting other-crime evidence and in departing durationally from the presumptive sentence; he also argues

that he is entitled to have the kidnapping conviction and one of the sex convictions vacated pursuant to section 609.04, or at least to have the sentences for those offenses vacated pursuant to section 609.035. We agree with the state that the durational departure was justified, but we vacate one of the sex convictions and vacate the sentence for the kidnapping conviction.

A. Defendant's first contention relates to the admission of so-called *Spreigl* evidence, specifically evidence concerning the October 27 incident and evidence concerning an earlier incident occurring on October 15, 1980, in which defendant kidnapped a 26-year-old woman from a location near Lake Street and forced her to commit fellatio and submit to sexual intercourse.

Defendant's contention that the trial court erred in admitting this evidence is meritless. Minn.R.Evid. 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Evidence of other crimes is admissible if the evidence of the defendant's participation in the other crimes is clear and convincing, if the evidence is relevant and material to the state's case, and if the probative character of the evidence outweighs its potential for unfair prejudice. The converse of this is that the evidence is inadmissible if it is irrelevant to the state's case, if the sole purpose of its introduction is to show that the accused has a propensity to commit crimes, or if its potential for unfair prejudice outweighs its probative character. Regardless of the purpose for which the evidence is admitted, there must be some relationship in time, location, or modus operandi between the crime charged and the other crimes, and further, the evidence must be needed. *State v. Billstrom*, 276 Minn. 174, 178–79, 149 N.W.2d 281, 284–85 (1967).

■ In this case, the evidence of the other crimes was clear and convincing, the evidence was relevant, and the probative character of the evidence outweighed its potential for unfair prejudice. The trial court's decision that the evidence was needed was a discretionary decision. While the state probably could have obtained a conviction without the other-crime evidence, one cannot be sure of this, and, in any event, it does not follow that the evidence should not have been admitted. Among the many sex cases in which we have upheld admission of evidence of other sex crimes, one that is closely in point is *Muhammed v. State*, 316 N.W.2d 572 (Minn. 1982). In that case, the defendant was charged with one of a series of rapes committed by a man in a neighborhood. The trial court in that case admitted evidence of a number of other rapes, and we upheld the trial court on appeal. In this case, we also uphold the trial court.

B. Defendant's second contention relates to the durational sentencing departure. At the time defendant was sentenced, he had a criminal history score of two. Criminal sexual conduct in the first degree is a severity level VIII offense. The presumptive concurrent sentence for the offense by a person with a criminal history score of two is an executed term of 65 (60–70) months in prison. The presumptive consecutive sentence, if a consecutive sentence is imposed pursuant to Minnesota Sentencing Guidelines and Commentary II.F. (1983), is 43 (41–45) months in prison.[1] The trial court imposed three 120-month terms, with the terms running concurrently with each other but consecutively to the previously imposed terms.

■ As we stated recently in *State v. Cox*, 343 N.W.2d 641, 643 (Minn.1984), "[t]he general issue that faces a sentencing court in deciding whether to depart durationally is whether the defendant's conduct was significantly more or less serious than

that typically involved in the commission of the crime in question." In this case, the trial court was justified in concluding that defendant committed the rape of the victim on October 19 in a particularly serious way. Facts that stand out include: (i) the victim's intoxication; (ii) defendant penetrated the victim in two different ways; (iii) defendant ejaculated into the victim's mouth; (iv) defendant's conduct violated two different subsections of Minn.Stat. § 609.342 (1982); (v) the entire episode lasted about 1 hour; and (vi) as a result of the incident, the victim, who later discovered she was pregnant, had to go through her entire pregnancy without knowing for sure whether the biological father of the unborn child was defendant or her boyfriend.

Making a qualitative assessment of all these facts, we conclude that, using consecutive sentencing, the trial court was free to double the maximum presumptive consecutive sentence duration of 45 months, giving defendant a total of 90 months in prison. *State v. Van Gorden*, 326 N.W.2d 633 (Minn.1982); *Davis v. State*, 324 N.W.2d 802 (Minn.1982); *State v. Morales*, 324 N.W.2d 374 (Minn.1982); *State v. Herberg*, 324 N.W.2d 346 (Minn.1982); *State v. Heinkel*, 322 N.W.2d 322 (Minn.1982); *State v. Luna*, 320 N.W.2d 87 (Minn.1982); *State v. Martinez*, 319 N.W.2d 699 (Minn. 1982); *State v. Garcia*, 302 N.W.2d 643 (Minn.1981). The consecutive sentence of 120 months must be reduced to 90 months. *State v. Elkins*, 346 N.W.2d 116 (Minn. 1984).

C. Defendant's final contention relates to the fact that he was convicted of and sentenced for three offenses. Defendant contends that under sections 609.035 and 609.04 he should have been sentenced for and formally adjudicated guilty only of one offense. The state disputes this and also argues "waiver" because the defendant did not raise this at the time of sentencing but

---

1. Generally, under Section II.F. of the Guidelines "any time consecutive sentencing is used the presumptive sentence must be computed using the zero criminal history column." *State v. Elkins*, 346 N.W.2d 116, 120 (Minn.1984).

The only exception is when there is a mandatory minimum term which is greater. In this case, there is a mandatory minimum term, but it is for a shorter period.

waited until he petitioned for post-conviction relief. The post-conviction court refused to address the issue, ruling that defendant had waived his right to raise it.

■ All three convictions clearly arose from the same behavioral incident and, therefore, the trial court should have sentenced defendant only for one of the three offenses. *Bixby v. State,* 344 N.W.2d 390 (Minn.1984); *State v. Herberg,* 324 N.W.2d 346 (Minn.1982); *State v. Koonsman,* 281 N.W.2d 487 (Minn.1979). Defendant's failure to raise this issue at the time of sentencing does not constitute a waiver barring him from later raising the issue and obtaining relief. *State v. Kemp,* 305 N.W.2d 322 (Minn.1981), relied upon by the state, merely indicated that in the future we might decline to decide issues concerning the application of either section 609.035 or 609.04 unless the defendant first presented it to the trial court for decision. The intent of that language was to get defense counsel to petition for relief in the district court first, thereby possibly avoiding the need for an appeal and avoiding the need for this court to decide the issue.

Defendant did that here, petitioning for post-conviction relief first. The intent of the language was not to suggest that a defendant waives or forfeits the issue if he does not raise it at the time of sentencing. Cases consistent with this include *Bixby v. State,* 344 N.W.2d 390 (Minn.1984); *State v. Tenhoff,* 322 N.W.2d 354 (Minn.1982); *State v. White,* 300 Minn. 99, 219 N.W.2d 89 (1974), the latter case holding that the prohibition against double punishment in section 609.035 cannot be waived.

■ The final issue is whether two of the three convictions should be vacated. Defendant clearly is entitled to have one of the two sex convictions vacated. *State v. Dudrey,* 330 N.W.2d 719 (Minn.1983); *State v. Koonsman,* 281 N.W.2d 487 (Minn.1979). However, he is not entitled to have the kidnapping conviction vacated. Section 609.04 would apply if either the kidnapping conviction or the conviction of criminal sexual conduct in the first degree were a necessarily included offense of the other.

That is not the case since one can commit kidnapping without committing the sex crime and vice versa. That being so, we do not believe the defendant is entitled to vacation of the kidnapping conviction. *State v. Whisonant,* 331 N.W.2d 766 (Minn.1983); *State v. Koonsman,* 281 N.W.2d 487 (Minn. 1979).

2. In connection with the October 25 incident, defendant claims that the trial court denied him a fair trial by admitting *Spreigl* evidence concerning the October 19 and October 27 incidents. Alternatively, he seeks reduction of his sentence on the ground that the durational departure was unjustified and/or excessive.

A. The contention that the trial court erred in admitting the *Spreigl* evidence is answered by our discussion of the same contention in connection with the October 19 incident. *See* paragraph 1, subparagraph A above.

B. At the time of sentencing in the case involving the October 25 incident, defendant's criminal history score was one. The presumptive concurrent sentence for criminal sexual conduct in the first degree by a person with a criminal history score of one is an executed term of 54 (50–58) months in prison. The presumptive consecutive sentence, if a consecutive sentence is imposed pursuant to Section II.F. of the Guidelines, is 43 (41–45) months in prison. The trial court sentenced defendant to an executed term of 120 months in prison, with the term running consecutively to the previously imposed sentence in connection with the October 27 incident.

■ We believe that the trial court was justified in departing durationally. The episode lasted 2 hours, involved multiple types of penetration, involved violating section 609.342 in two different ways, the victim of the violent rape was only 13 years old, and defendant was arguably gratuitously cruel. Making a qualitative assessment of all the facts, we conclude that the trial court was justified in concluding that defendant committed the offense in a particularly serious way.

Defendant was sentenced first in connection with the October 27 incident, discussed *infra,* and next in connection with this incident. Given our disposition of the sentencing issue in connection with the October 27 incident, we modify defendant's sentence for this offense to a concurrent sentence of 116 months (two times the maximum presumptive concurrent sentence), which gives defendant 3½ months more maximum prison time than would be obtained by modifying the 120-month consecutive sentence to 90 months consecutive.

3. In connection with the October 27 incident, defendant claims that the evidence of his guilt was legally insufficient, that he was denied a fair trial by admission of evidence indicating his involvement in other crimes, and that the trial court erred in departing durationally from the presumptive sentence.

■ A. The contention that the evidence of defendant's guilt was legally insufficient is meritless. Evidence concerning what defendant said and did to the victim and the *Spreigl* evidence clearly demonstrate that he intended to kidnap and rape her. The fact that he grabbed her and started dragging her to his car is sufficient evidence that he took a substantial step toward the commission of the intended crimes.

B. Defendant next argues that he was denied a fair trial by the admission of evidence indicating his involvement in other crimes.

(1) First, he claims that he was denied a fair trial by the admission of *Spreigl* evidence of the October 15 and October 19 incidents. This claim is answered by our discussion of the same contention in connection with the October 19 incident. *See* paragraph 1, subparagraph A above.

■ (2) Defendant also claims that he was denied a fair trial by the admission of evidence about an incident in another county. Specifically, an officer from the Dakota County sheriff's office questioned defendant on October 30, 1980, right after the Minneapolis police finished questioning defendant. Defendant made a statement to him to the effect that "they have really got me good this time."

At the start of his testimony, this officer indicated that he was there to talk with defendant about "an incident in Dakota County." Defense counsel objected in chambers to this, and the trial court agreed that this reference to his reason for questioning defendant should not have been elicited. The court stated that it did not justify a mistrial but offered to give a curative instruction. After thinking about it, defense counsel decided that a curative instruction would only highlight the testimony. We believe, as the trial court apparently did, that the elicitation of the evidence, while improper, clearly was not prejudicial.

■ (3) Defendant's other related contention concerns the fact that the victim's roommate, who was with the victim when she spotted defendant on October 30, referred in her testimony to the fact that the victim identified defendant from "mug shots." It was unfortunate that the witness referred to the pictures as "mug shots," however, defense counsel did not object to the use of this term and, in any event, given the strong evidence against defendant, the error was not prejudicial.

C. Defendant's final contention concerns the propriety of the trial court's durational departure in sentencing him for the October 27 incident. Defendant's criminal history score at the time of sentencing for this incident was zero because this was the first offense for which defendant was sentenced. The presumptive sentence for the completed offense of criminal sexual conduct in the first degree when committed by a person with a criminal history score of zero is 43 (41–45) months in prison. Under Minnesota Sentencing Guidelines and Commentary II.G. (1982), the presumptive sentence duration for an attempt is one-half the presumptive sentence duration for the completed offense. Thus, the presumptive sentence duration in this case was 21½ (20½ to 22½) months in prison.

The trial court based the durational departure on (i) the fact that the offense was but one of a number of similar offenses committed within a short period of time in the same area of Minneapolis; (ii) the fact that the circumstances of the offense show a clear pattern of stalking women for the purpose of eventually sexually assaulting them; and (iii) the presumptive sentence does not adequately protect the public.

 Generally, it is proper for the sentencing court to consider the course of conduct underlying the charge for which the defendant is being sentenced, but generally it is not proper for the court to consider evidence which points to defendant's guilt of some other offense which does not support the conclusion that the defendant committed the instant offense, for which he is being sentenced, in a particularly serious way. *State v. Cermak*, 344 N.W.2d 833 (Minn.1984). Defendant was convicted and sentenced for the October 19 and October 25 incidents and apparently was not tried for the October 15 incident. It is not proper to justify the departure in this case on defendant's conduct with respect to the other victims. Similarly, defendant's dangerousness does not justify a departure. *State v. Hagen*, 317 N.W.2d 701 (Minn.1982).

■ Whether the departure was justified depends on whether defendant committed the crime in question, attempted criminal sexual conduct in the first degree, in a particularly serious way. Focusing on the objective aspects of defendant's conduct, we conclude that the departure was unjustified. When defendant abandoned the attempt, defendant simply had not gone far enough to distinguish his conduct from that of any other violent rapist's conduct at an identical stage. Under the circumstances, defendant's sentence for this offense must be reduced to the maximum presumptive sentence duration, 22½ months.

In connection with the October 19 incident, the defendant's sentence is reduced to 90 months consecutive; one of the sex convictions and the sentence for the kidnapping conviction must be vacated pursuant to sections 609.04 and 609.035, respectively. In connection with the October 25 incident, the defendant's sentence is reduced to 116 months concurrent. In connection with the October 27 incident, defendant's sentence is reduced from 45 months to 22½ months. This means that defendant is subject to concurrent terms of 22½ months and 116 months for the October 27 and October 25 incidents respectively, a 90-month consecutive term thereafter for the October 19 incident, and a consecutive life sentence in connection with his murder conviction in *State v. Ture*, 353 N.W.2d 502 (Minn.1984), filed herewith.

Affirmed as modified.