STATE of Minnesota, Respondent,

v.

Kerry Alan SHANEY, Appellant.

No. C0–84–1870.

Court of Appeals of Minnesota.

Feb. 12, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John K. Carlson, Pine County Atty., Pine City, for respondent.

C. Paul Jones, State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL, and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

This is a sentencing appeal pursuant to Minn.Stat. § 244.11 (1982). Defendant Shaney contends that the court over-sentenced him to twenty years incarceration for various acts of sexual abuse. He contends that the court imposed separate sentences for acts arising from a single course of conduct and also incorrectly calculated one of the sentences.

We remand for sentencing consistent with this opinion.

## FACTS

Defendant is a divorced father of eight. A twenty count criminal complaint charged him with first degree intrafamilial sexual assault, second degree criminal sexual conduct and with promoting minors to engage in obscene works. The acts giving rise to the complaint involved the defendant's two daughters and a neighbor girl and occurred on two separate occasions in November 1983.

The defendant entered guilty pleas to six of the twenty counts and was sentenced as follows:

COUNT II. FIRST DEGREE INTRA-FAMILIAL SEXUAL ABUSE—54 months—Defendant had his 14-year-old daughter perform fellatio on him on 11–20–83.

COUNT VIII. FIRST DEGREE IN-TRAFAMILIAL SEXUAL ABUSE—43 months consecutive—Defendant had his six-year-old daughter perform fellatio on him on 11–20–83.

COUNT XI. SECOND DEGREE CRIMINAL SEXUAL CONDUCT—36 months consecutive—In mid-November 1983, Defendant engaged in sexual contact with a five-year-old neighbor girl by placing his penis on her upper thigh.

COUNT XIII. PROMOTING MINOR TO ENGAGE IN OBSCENE WORKS—36 months concurrent—Defendant took photographs of his fourteen-year-old daughter and six-year-old daughter in a posed sexual act on 11–20–83.

COUNT XVI. FIRST DEGREE IN-TRAFAMILIAL SEXUAL ABUSE—107 months consecutive—Defendant inserted a wiener in the rectum of his six-year-old daughter on 11–20–83.

COUNT XIX. PROMOTING MINOR TO ENGAGE IN OBSCENE WORKS—36 months concurrent—In mid-November 1983, Defendant photographed his six-year-old daughter and a five-year-old girl neighbor in a posed sexual act.

The total sentence, 240 months (20 years), is the maximum allowed for first degree intrafamilial sexual abuse. Minn. Stat. § 609.342 (1982). With the exception of Count XVI, these sentences were presumptive under the Sentencing Guidelines. The court surmised that Count XVI carried a presumptive 113 month sentence to run *concurrently*. The court intended to depart by sentencing consecutively on Count XVI and gave the following reasons:

1. Defendant, as a father and guardian of these eight children, violated his trust, and under the guise of his authority took advantage of each of those eight children, three with particularity, for the sole purpose of satisfying his sexual urges. In doing so he degraded some, if not all, of those children by recording it in photographs for the world to see.

2. His conduct was over a long period of time and demonstrates him to be a pedophiliac. Such have a higher rate of recidivism and he will most probably constitute a threat to society for the remainder of his life. His crimes are heinous, horrendous, and disgusting.

By way of contrast, the court also noted: "Defendant's acts are more bizarre than physically cruel, there being no physical

force employed by defendant on a march to satisfy his sexual drive."

Defendant's criminal history score at the time of sentencing was one based on a conviction for sexual misconduct in California. He also admitted to previous acts of sexual contact with his children in Minnesota, Michigan, California and Hawaii.

### ISSUES

1. Was the defendant wrongfully sentenced more than once for multiple acts that were part of a single course of conduct?

2. Did the court give adequate reasons for departing upward in sentencing the defendant consecutively for First Degree Intrafamilial Sexual Abuse?

### ANALYSIS

#### I.

The defendant was sentenced consecutively for engaging in fellatio with his six-year-old daughter (Count VIII) and for inserting a wiener into her rectum (Count XVI). Both acts occurred on the same day. The defendant contends that the two acts were part of a single behavioral incident for which he could be sentenced only once. We concur.

A defendant may be sentenced only once for crimes stemming from a single incident. *State v. Herberg*, 324 N.W.2d 346 (Minn.1982). In *Herberg*, the defendant kidnapped, raped and tortured his victim in two counties on a single day. The Supreme Court vacated three of the four sentences imposed by the trial court. It concluded "that there was an underlying unity to the various acts of assault, penetration and degradation and that therefore the trial court should have sentenced defendant only for one of his crimes." *Id.* at 349.

In the present case the State reluctantly concedes that the acts underlying Counts VIII and XVI involved the same victim, occurred simultaneously and were motivated by the defendant's sexual drive.

There was underlying unity in his conduct. Therefore the shorter sentence under Count VIII is to be vacated. *See* Minnesota Sentencing Guidelines and Commentary II.F.

The sentence under Count XIII must be vacated for the same reason. It is conceded that Count XIII involved photography of defendant's two daughters on November 20, 1983. The defendant already received sentences for Count XVI and II involving direct physical abuse of those children on the same date. Therefore the sentence under Count XIII is duplicitous and must be vacated.

#### II.

The defendant was sentenced consecutively to 107 months on Count XVI for criminal sexual abuse. This was an upward departure.

The presumptive consecutive sentence to be imposed on this Count is calculated as follows: First degree intrafamilial sexual abuse is a severity level VIII offense. Minnesota Sentencing Guidelines and Commentary V. Because the sentence is consecutive, it is computed with a zero criminal history score. *State v. Pince*, 358 N.W.2d 435 (Minn.Ct.App.1984); Sentencing Guidelines II.F. This yields a presumptive 43 month consecutive sentence.

Next, we determine whether sentencing the defendant to 107 months consecutively was a justified departure. *Pince*. The court noted that the defendant abused his familial relations. This is an element of intrafamilial sexual abuse and cannot be used to increase the sentence. *See State v. Ahern*, 349 N.W.2d 838 (Minn. Ct.App.1984). The court also implied that the defendant abused his other children. This relates to possible guilt on an unrelated offense and is not a permissible consideration. *State v. Cermak*, 344 N.W.2d 833, 837 (Minn.1984). It was not proper for the court to depart because the defendant's sexual abuse may have had a long history or because the defendant is a pedophile. *State v. Chase*, 343 N.W.2d 695, 697 (Minn.

Ct.App.1984). Similarly, the likelihood of future abuse was not a basis for durational departure. *Id.*

■ The court indicated that use of photography was aggravating. This question has not been answered by our supreme court. *Cermak,* 344 N.W.2d at 840. There is no evidence that the photographs were intended to be made public or had been made available to others. Moreover, the defendant was separately punished for taking photographs in mid-November, though not punished for taking photographs on the 20th. Under the facts of this case, photography is not a legitimate reason for departure.

■ The State urges. us to consider other aggravating factors. First, the defendant inserted foreign objects into his daughter. This is not a basis for departure because it is an element of intrafamilial sexual abuse. Minn.Stat. § 609.364 Subd. 14 (1982). Secondly, the children were at vulnerable ages. This in itself is not aggravating. *Chase,* at 697. It becomes a factor only when other aggravating factors are present. *Cermak,* 344 N.W.2d at 840.

■ The court observed that the defendant's acts were more bizarre than physically cruel. His acts involved no physical coercion beyond the elements of the crime. In fairness the abuse was not sufficiently more serious than that typically involved in the offense committed. Although some aggravating factors may have been present, they do not warrant departure, *especially since three sentences here are to run consecutively.* Because the crimes here reflect "typical" intrafamilial criminal sexual abuse, departure was not justified. *See State v. Gist,* 358 N.W.2d 664 (Minn.1984).

The defendant's sentence shall be computed as follows: 54 months under Count II, 36 months consecutive under Count XI, 43 months consecutive under Count XVI, 36 months concurrent under Count XIX. Total sentence: 133 months.

DECISION

1. The sentences under Counts VIII and XIII are vacated.

2. The court improperly departed upward in sentencing the defendant under Count XVI. The proper sentence under Count XVI is 43 months consecutive. The total length of time is 133 months.

We remand for sentencing consistent with our decision.