STATE of Minnesota, Respondent,

v.

Roderick W. HEAD, Appellant.

No. CX–84–1486.

Court of Appeals of Minnesota.

March 5, 1985.

Hubert H. Humphrey, III, Atty. Gen., Peggy J. Birk, Sp. Asst. Atty. Gen., St. Paul, Roger Van Heel, Stearns County Atty., St. Cloud, for respondent.

C. Paul Jones, State Public Defender, Lawrence Hammerling, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

The evidence showed that on September 23, 1980 appellant, Roderick Head, and Martin Czech were at Joy Ogg's apartment in St. Cloud buying marijuana. On September 25, 1980, Martin Czech told undercover officers, who tape recorded the conversation, about a plan he and a friend had to represent themselves as police officers and rob a dope dealer using badges and handcuffs. Around 4:00 a.m. the following day as Brad Becker was about to enter Joy Ogg's apartment, two men shoved Becker into the apartment, the tall one holding a gun to Becker's head. The other man said he was an FBI agent. Becker and Ogg were handcuffed, covered with blankets, and threatened. Becker was struck on the head and required stitches to close the wound. The apartment was ransacked and the robbers took about $8.00 from Becker, $95 and some jewelry from Ogg, and about two and one-half pounds of marijuana.

Both Becker and Ogg described the taller robber as about 20 years old, 6' to 6'2", 170 pounds, black medium length hair and black glasses. They both identified appellant as the taller robber in a photographic line-up and also identified appellant at trial.

Appellant was convicted of two counts of aggravated robbery, Minn.Stat. § 609.245 (1982), and was sentenced to two consecutive prison terms of 32 months each.

## DECISION

1. We have reviewed the photographic line-up and agree with the trial court that it was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable mistaken identification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). The six people were all of the same race and relatively close in age, height, and build. The fact that appellant's photo contained a slightly larger image of his face does not necessarily render the photo display constitutionally defective. *See State v. Heinkel*, 322 N.W.2d 322, 325 (Minn.1982).

2. Appellant's contention that the evidence was insufficient to sustain the guilty verdicts is without merit because the eyewitness identification of both Becker and Ogg was strong. The jury was entitled to give the weight it obviously gave to the testimony and was entitled to disbelieve appellant's contrary testimony and his alibi witnesses.

Affirmed.